HENRY E. WOOD, Respondent, *v.* R. HENRY DEPEW and Others, Appellants.

First Department, July 1, 1931.

*Ralph O. L. Fay* of counsel [*Philip J. Dunn* with him on the brief; *Dunn & Stiles*, attorneys], for the appellants (except Bale).

*Eugene V. Daly*, for the appellant Bale.

*Hugo Wintner* of counsel [*Robert J. Fox* and *Robert P. Schur* with him on the brief; *Fox, Weller & Wintner*, attorneys], for the respondent.

MARTIN, J. The respondent in this action seeks to enforce specific performance of an alleged agreement said to have been entered into by the plaintiff herein and R. Henry Depew and James E. Bale, whereby the plaintiff alleges he was to be continued as an officer and director of Bale-Snedeker Company for a period of ten years, commencing June 1, 1921, and to receive during that period, forty per cent of the net profits of the insurance brokerage business. The defendants deny the existence of any such agreement, and, in the final analysis, the question presented by this case was the interpretation of two written agreements.

At the beginning of the trial the plaintiff contended that he relied upon the written agreements annexed to the complaint. The court then stated that the written agreements did not give the plaintiff any such rights as claimed. Counsel for the plaintiff then stated that he relied on an oral agreement. The following day counsel again stated that he did not rely on an oral agreement but on the written agreements.

The large record in this case appears to be due to the attempt of plaintiff to prove a supplemental oral agreement between himself and R. Henry Depew.

The court found that no oral agreement existed between plaintiff and R. Henry Depew covering the subject-matter of this action and also found that an oral agreement, if made, was not enforcible. The plaintiff's case must, therefore, stand or fall upon Exhibit A, the written contract annexed to the complaint. The second contract mentioned above, Exhibit B, is between the corporation and Bale, and has no direct bearing upon the subject-matter of this action other than to explain certain matter referred to in Exhibit A.

That the court did not rely on an oral contract but did rely on the written contract known as Exhibit A, is shown by the statement made at the close of the case when the court directed " that all testimony be stricken out which has been received as to the conversation in Mr. Daly's office on May 7, 1921, between plaintiff, defendant R. Henry Depew and Frank H. Reuman, establishing or tending to establish an oral agreement or tending to change, modify or vary the terms of the agreement * * * including all on said subject at pages 332, 378, 379, 408, 409, 635, 982 and 983."

The written agreement was made for the benefit of Bale and does not bind the corporation to give Wood forty per cent of the net profits. It does bind Bale to vote to bring about such a result. It is admitted that Bale did so and that he fully performed the contract on his part.

The reason given for the judgment is to be found in the following opinion: " The construction being placed upon this contract in suit is that the reciprocal obligations were continuous and extended over the full period of the contract for ten years. This obligation is not imposed by reason of any oral, collateral or separate agreement, but by a construction of the written agreement itself as its ambiguous terms are explained. The intent of the parties can be clearly inferred from the language of the writing itself with the accompanying explanations."

The 9th clause of the contract relied upon by plaintiff as giving him certain rights, provides as follows:

" *Ninth.* The said party of the first part, in consideration of the payment to him of the said sum of twenty-eight thousand eight hundred dollars ($28,800) hereby agrees both as a stockholder to the extent of twelve (12) shares and also as an officer and director of the Bale-Snedeker Company that he will vote for and approve of salaries, either as officers or employees of the Bale-Snedeker Company to R. Henry Depew to the extent of sixty (60%) per cent of the net profits of the Bale-Snedeker Company and to Henry E. Wood to the extent of forty (40%) per cent of the net profits of the Bale-Snedeker Company, but nothing herein contained shall diminish the liability of said R. Henry Depew and Henry E. Wood or either of them in case of default in any of said Fifteen thousand Dollars ($15,000) annual salary payments or any part thereof, to the said party of the first part according to the provisions of this agreement."

The court found that the plaintiff was elected a director and officer of the corporation and continued as such until August 18, 1926, when a stockholders' meeting was held at which the plaintiff was not re-elected as a director, but over his protest was ousted as a director of the corporation; that in his place and stead John D. Depew, the son of R. Henry Depew, was elected a director. The plaintiff claimed that since that time the defendants had deprived him of all participation in the conduct of the corporation and its business and refused to pay him his share of the profits.

At the time when the contract in question was entered into on May 7, 1921, Bale owned the entire capital stock of the Bale-Snedeker Company, a New York corporation engaged in the fire insurance brokerage business, consisting of fifty shares of stock of the par value of $100 each. Bale desired to be relieved of office

management and to be free to do only so much work as he desired. He accordingly agreed with the plaintiff Wood and the defendant R. Henry Depew that they should purchase from him thirty-eight shares of the stock, of which Depew was to own and hold twenty-six shares and the plaintiff twelve shares, payment to be made at the rate of $575.88 for each share. The written agreement, Exhibit A, was thereupon entered into and simultaneously the stock was paid for and transferred, twenty-six shares to Depew and twelve shares to the plaintiff, the defendant Bale retaining twelve shares. On the same day, May 7, 1921, a meeting of the defendant corporation was duly held, and the plaintiff and R. Henry Depew were elected directors and officers thereof, Bale remaining as a director and officer; and the plaintiff and Bale and R. Henry Depew were at all times directors and officers of the defendant from June 1, 1921, until the said meeting of August 18, 1926, when the plaintiff was ousted.

The court found that the plaintiff and Depew, at the time of and before the execution of the agreement, had been intimately associated in business for over thirty years and that the plaintiff had implicit trust and confidence in Depew; that the *plaintiff had duly performed* the conditions of the agreement to be performed by him, but that the action of some of the defendants in ousting plaintiff as a director and officer and refusing to pay him his forty per cent share of the profits of the business was unlawful.

This conclusion it is said is reached by an alleged construction of Exhibit A and not because of an oral agreement. On this appeal the plaintiff has abandoned the contention that his rights come from an oral agreement and relies wholly upon Exhibit A, the contract between Bale as party of the first part and Depew and plaintiff as parties of the second part.

The judgment directs Depew to at once reinstate plaintiff as an officer and director of the plaintiff corporation, and to so vote the stock of the corporation held by him, and to so act and call such meetings of stockholders and directors as may be necessary to effectuate the judgment within fifteen days after entry thereof, and further directs Depew for ten years from May, 1921, to permit plaintiff " to exercise his functions as such." It further directs Depew, Bale and the Bale-Snedeker Company to " specifically perform the conditions of the agreement " (Exhibit A), to which *the corporation* is not a party, and the defendants Bale and Depew to so vote their stock as to procure immediate payment to plaintiff of forty per cent of the net profits for the balance of the ten-year period, beginning May 7, 1921, including any sum found due on an accounting. The decree requires defendants to account to plaintiff for forty per cent of the net profits, and appoints a referee

to take and state the account. It provides for the entry of a money judgment for the amount found due by the referee, enjoins Depew from disposing of his stock and from voting the same in violation of the agreement of the parties and of the rights of the plaintiff. It is adjudged that plaintiff's application for a receiver of the defendant corporation may be brought before the court at any time on five days' notice to defendant's attorneys or on shorter notice if the court so directs; that all affirmative defenses be dismissed on the merits, and the final judgment to be entered shall award plaintiff costs and disbursements of this action, including expenses of the reference, to be paid by the defendant Depew alone.

The appellant contends that the contract to which Depew and Wood are parties does not secure to Wood forty per cent of the profits of the corporation for a ten-year period, nor the right to be a director of said corporation during that period; that no facts were established by which any such agreement could be spelled out of or read into the contract that was executed and that no agreement was established that can be specifically enforced.

The agreement upon which the plaintiff bases his complaint was not made with the corporation but was made between James E. Bale, R. Henry Depew and Henry E. Wood, and was primarily for the protection of James E. Bale who was giving valuable rights to Depew and Wood.

While it is true that this contract conferred upon plaintiff certain rights against Bale, it nowhere conferred the rights claimed nor those which the court decided were given by its terms. It is said in the opinion of the court that the contract was ambiguous and that the reciprocal obligations were continuous and extended over the full period of the contract for ten years; that " This obligation is not imposed by reason of any oral, collateral or separate agreement, but by a construction of the written agreement itself as its ambiguous terms are explained."

We have been unable to find that the contract gives any such rights as those found by the trial court.

It was contemplated by this contract to relieve the party of the first part from the necessity of performing certain work and he was to receive a yearly compensation from the corporation guaranteed by Wood and Depew; he was to sell an interest in the corporation to the parties of the second part and in turn was to receive certain compensation from the corporation. The dominant idea throughout the contract was to protect Bale who was giving the other parties thereto a valuable interest in his business and to insure payment to him of $15,000 a year, and in turn he was to assist in making successful the business of the corporation in which he was a stockholder.

On the findings of fact and the admissions of plaintiff we do not see how this judgment can be sustained.

Findings of fact were made as follows:

" *Sixty-fifth.* Defendant Bale refused to take and did not take any part in the ousting or removal of plaintiff from any office in said Bale-Snedeker Co. or from its Board of Directors or from the employment of said Company. Defendant Bale did not attend the so-called Directors' meeting on August 18, 1926."

" *Seventy-fourth.* Defendant Bale at all times fully performed all the conditions of his two agreements of May 7, 1921, copies of which are annexed to the complaint."

The court also signed the following conclusions of law:

" *Seventh.* That any alleged oral agreement between the plaintiff and the said defendant R. Henry Depew to the effect that the said R. Henry Depew would vote his stock in the Bale-Snedeker Company for the election of the plaintiff as a director for a period of ten (10) years from May 7, 1921, and for the approval of compensation to be paid to the plaintiff to the extent of forty per cent (40%) of the net profits of the defendant Bale-Snedeker Company, even if collateral to the said written agreement annexed to the complaint could not be made the basis of any judgment herein, first, because no such contract was pleaded in the complaint, and second, because such alleged oral contract even if made would be void under the Statute of Frauds as not to be performed within one year from the making thereof, and the Statute of Frauds pleaded by the defendant would be a complete bar to any recovery thereon herein."

" *Eleventh.* Defendant Bale has fully performed all the terms and conditions of said two agreements, dated May 7, 1921, (copies of which are annexed to the complaint) on his part to be performed, and otherwise has fully discharged all his obligations to plaintiff, to defendant R. H. Depew and to Bale-Snedeker Co."

" *Fifteenth.* The said alleged oral agreement, even if made, would have been and is wholly invalid because oral and not in writing and executory and because not to be performed within one year and in any event would not have been and is not enforcible or of any effect, as against defendant Bale."

The rights which plaintiff asserts are not given by the terms of the written contract. It may be that they were given by an oral contract but it appears to be conceded that such a contract is not the basis for plaintiff's claim.

It appears throughout the case to have been assumed that there must be some other agreement which gives plaintiff certain rights. That may be so, but we are dealing with Exhibit A and that agreement does not give plaintiff any such rights.

There is, therefore, no basis for this judgment and it should be reversed and a new trial ordered, with costs to appellants to abide the event.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to appellants to abide the event.